UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HASIM SMITH ET AL.

Defendants.

---

22-cr-352 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Defendant Hasim Smith moves for reconsideration of this Court's July 5, 2022 detention order. After hearing argument on defendant's motion on Friday, November 7, 2022, the Court requested both sides to submit letters. The Court specifically requested the Government to provide information linking any actual, attempted, or contemplated witness intimidation to Hasim Smith. In its letter, the Government reiterated concerns it articulated at the November 7, 2022 hearing that other members of Hasim Smith's family may have improperly contacted witnesses. However, the Government has not provided any information tying such alleged witness intimidation to Hasim Smith, and as one of Mr. Smith's brothers (Jatiek Smith) is also a defendant in this case, the Court does not believe there is sufficient evidence to attribute any of the allegations regarding contact with witnesses to Mr. Hasim Smith, absent some more particular showing by the Government.

1

The Government also reiterates concerns raised during the November 7, 2022 hearing regarding incidents of alleged violence related to the instant charges. However, the Government provides little detail linking these incidents to Mr. Hasim Smith. The most disturbing incident raised by the Government -- also discussed during the November 7 hearing -- involved several armed individuals allegedly intimidating employees of a rival company and apparently taking a picture of one victim's identification card in order to discourage him from going to the police. However, to link this event to Mr. Hasim Smith, the Government refers only to "cellphone geolocation data" that supposedly places Mr. Hasim Smith in the vicinity of the incident, and to witness testimony that the car used by assailants was of the same color and make as a car used by Mr. Hasim Smith at the time. The Government does not respond to concerns raised by defense counsel at the November 7 hearing that such cellphone geolocation data provides, at best, imprecise information as to a person's general location, or offer any witness testimony specifically placing Mr. Hasim Smith at the scene.

Although it is a close call, the Court, after consideration of all the relevant factors, see 18 U.S.C. § 3142(g), concludes that the Government has failed to show by clear and convincing evidence that no conditions exist that will reasonably assure the safety of the community if Mr. Hasim Smith is not detained. See 18 U.S.C. § 3142(f)(2)(B). Instead, the Court finds that there are conditions that will reasonably assure the safety of the community and Mr. Hasim Smith's appearance on trial. The Court accordingly orders Mr. Hasim

Smith released on a personal recognizance bond of $250,000 to be secured by three financially responsible persons. His release shall be subject to the following conditions:

- Home incarceration at the residence of Shatasia Smith, Mr. Hasim Smith's sister, to be subject to full electronic monitoring. Defendant shall not be allowed to leave the place of home incarceration except for necessary meetings with counsel or medical appointments, and only then with the express pre-approval of Pretrial Services. Any (pre-approved) travel shall be restricted to the Southern and Eastern Districts of New York.
- Defendant is to have no contact with any members of the Bloods gang, any defendant in this case (except through counsel) -- including his brother, Jatiek Smith, anyone convicted of or who has pending criminal charges against them, or any EMS companies, public adjustors, or their employees.
- Defendant shall surrender any passport or other travel documents to Pretrial Services, and shall not obtain any new passport or any international travel document.
- Defendant shall not possess a firearm, destructive device, or other weapon.

- Defendant shall submit to periodic drug tests as determined by Pretrial services, and, if any of the results are positive, to appropriate treatment.

SO ORDERED.

New York, NY
November 9, 2022

_____
JED S. RAKOFF, U.S.D.J.